UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| PRICE,<br><br>            Plaintiff,<br>v.<br><br>SKYLANDS STADIUM, LLC, et al.,<br><br>            Defendants. | Civil Action No.<br><br>2:18-CV-00158-KM-SCM<br><br>**OPINION AND ORDER ON MOTION TO AMEND**<br><br>**[D.E. 62]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Defendant/Third-Party Plaintiff Skylands Stadium, LLC's ("Skylands") informal motion for leave to file amended crossclaims against Defendant Sculpted Ice Works ("Ice Works") and an amended Third-Party Complaint against Olsommer-Clarke Insurance Group ("Olsommer").[1] Defendant Erie Insurance Exchange ("Erie") opposes the motion.[2] The Court has reviewed the parties' respective submissions, and for the reasons set forth herein, Skylands' motion to amend is **GRANTED in part** and **DENIED in part**.

---

[1] (ECF Docket Entry ("D.E.") 62, Mot. to Am.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page number assigned by the Electronic Case Filing System.

[2] (D.E. 63, Erie's Opp'n).

I. **BACKGROUND AND PROCEDURAL HISTORY**[3]

This action arises from Plaintiff Thomas Price's ("Mr. Price") allegations that he sustained injuries while using an ice slide at Skylands.[4] Mr. Price filed his Complaint on January 5, 2018, alleging negligence claims against Skylands and Ice Works, who supplied the ice slide.[5] In response, Ice Works asserted crossclaims against Skylands,[6] and Skylands asserted crossclaims against Ice Works[7] and filed a Third-Party Complaint against Erie and Nova Casualty Company ("Nova") for denying insurance coverage.[8] Nova filed a crossclaim against Erie and a counterclaim against Skylands.[9]

On December 27, 2018, Skylands requested a one-week extension of the December 28, 2018 deadline to request leave to file an amended pleading,[10] and the Court granted the extension.[11] On January 4, 2019, Skylands filed the instant informal motion to amend its crossclaims against Ice Works and its Third-Party Complaint to assert claims against Olsommer, the alleged insurance broker for Ice Works.[12] Skylands seeks to add a negligence crossclaim against Ice Works to allege

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Compl., at ¶ 10; D.E. 19, Joint Discovery Plan, at ¶ 1).

[5] (D.E. 1, Compl., at ¶¶ 10–18; D.E. 19, Joint Discovery Plan, at ¶ 1).

[6] (D.E. 8, Answer & Cross-Cl., at 10–11).

[7] (D.E. 17, Answer & Cross-Cl., at 8–11).

[8] (*Id.*, at 12–19).

[9] (D.E. 22, Answer & Cross-Cl., at 3–5).

[10] (D.E. 61, Letter).

[11] (D.E. 64, Letter Order).

[12] (D.E. 62, Mot. to Amend).

2

that Ice Works agreed to provide Skylands insurance to defend and indemnify against claims arising out of the work provided by Ice Works, and further agreed to name Skylands as an additional insured to Ice Works' insurance policy.[13] Skylands also seeks to add Oslommer as a third-party defendant and add a count to its Third-Party Complaint alleging that Oslommer, as the insurance broker, breached its duty to Ice Works and its intended beneficiaries, including Skylands.[14]

Erie opposes the motion.[15] It argues that the proposed amended Third-Party Complaint against Olsommer is futile because it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and the claim against Olsommer is not presently justiciable.[16] Erie contends that the proposed negligence claim against Ice Works is futile because it impermissibly duplicates Skylands' breach of contract claim.[17]

## II.   MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[18] This District has specified that magistrate judges may determine any non-dispositive pre-

---

[13] (D.E. 62-1, Proposed Am. Cross-Cls. & Third-Party Compl.).

[14] (*Id.*)

[15] (D.E. 63, Erie's Opp'n).

[16] (*Id.*)

[17] (*Id.*)

[18] 28 U.S.C. § 636(b)(1)(A).

trial motion.[19] Motions to amend are non-dispositive.[20] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[21]

### III.   LEGAL STANDARD

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."[22] The decision to grant or deny leave to amend is "committed to the sound discretion of the district court."[23] Although courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted 'freely' in the interests of justice."[24] This ensures that "a particular claim will be decided on the merits rather than on technicalities."[25] In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the Court must grant a request for leave to amend.[26]

"In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."[27] Under this standard, "a complaint merely has to state a 'plausible

---

[19] L. Civ. R. 72.1(a)(1).

[20] *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (internal citations omitted).

[21] 28 U.S.C. § 636(b)(1)(A).

[22] Fed. R. Civ. P. 15(a)(2).

[23] *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

[24] *Voilas et al. v. Gen. Motors Corp., et al.*, 173 F.R.D. 389, 395–96 (D.N.J. 1997); *see also* Fed. R. Civ. P. 15(a)(2).

[25] *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990).

[26] *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002).

[27] *U.S. Fire Ins. Co. v. Kelman Bottles*, 538 F. App'x. 175, 184 (3d Cir. 2013) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

claim for relief,'" as "[t]he pleading standard 'is not akin to a probability requirement.'"[28] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29] "[T]he District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff."[30] If the complaint, as amended, fails to state a claim upon which relief could be granted, then the amendment is futile.[31]

## IV. DISCUSSION & ANALYSIS

With those principles in mind, the Court first reviews Skylands' proposed amendment asserting a negligence crossclaim against Ice Works. This Court has jurisdiction by way of diversity and applies New Jersey substantive law.[32] To state a negligence claim under New Jersey law, "the plaintiff must establish: (1) a duty of care owed to the plaintiff by the defendant; (2) that defendant breached that duty of care; and (3) that plaintiff's injury was proximately caused by defendant's breach."[33]

Skylands contends Ice Works owed it a duty to obtain a certificate of insurance which named Skylands as an additional insured without conditions.[34] Skylands alleges that Ice Works

---

[28] *Covington v. Int'l Ass'n of Approved Basketball Officials, et al.*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

[29] *Iqbal*, 556 U.S. at 678.

[30] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (internal citations and quotations omitted).

[31] *Id.*

[32] *Schmigel v. Uchal*, 800 F.3d 113, 119 (3d Cir. 2015) (citations omitted).

[33] *Smith v. Kroesen*, 9 F. Supp. 3d 439, 442 (D.N.J. 2014).

[34] (D.E. 62-1, Proposed Am. Cross-Cls. & Third-Party Compl., at 12).

breached that duty when Ice Works failed to obtain a certificate which named Skylands as an additional insured without conditions, advise Skylands of conditions required to make the additional insured provision effective, and provide the insurance broker—Olsommer—with contract documents to make the insurance effective.[35] Erie asserts futility and argues that the proposed negligence claim "impermissibly duplicates Skylands' existing breach of contract claim."[36]

"Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law."[37] If a party "owe[s] a duty of care separate and apart from the contract between the parties," a tort claim such as negligence may lie.[38] The economic loss doctrine maintains the "critical" "distinctions between tort and contract actions."[39] "Essentially, the economic loss doctrine functions to eliminate recovery on 'a contract claim in tort claim clothing.'"[40]

The Court is unable to discern any duty owed to Skylands that is independent of the duties that arose under the contract with Ice Works. Ice Works' alleged failure to provide Skylands with insurance was not a violation of an obligation imposed by law, but instead a breach of its contractual duties. In its proposed amendment for negligence, Skylands begins by stating that "Ice

---

[35] (D.E. 62-3, Mot. to Amend. Letter, at 2; *see also* D.E. 62-1, Proposed Am. Cross-Cls. & Third-Party Compl., at 12).

[36] (D.E. 63, Erie's Opp'n. at 5).

[37] *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002).

[38] Id. at 314.

[39] *Id*. at 310.

[40] *G&F Graphic Servs. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 588–89 (D.N.J. 2014) (quoting *SRC Constr. Corp. v. Atl. City Hous. Auth.*, 935 F. Supp. 2d 796, 801 (D.N.J. 2013)).

Works agreed to and was required to provide Defendant Skylands with insurance and additional insured coverage."[41] This language mirrors the language of Skylands' existing breach of contract claim against Ice Works, which states "Ice Works agreed to provide insurance . . . and further agreed to name Defendant, Skylands, as an additional insured on its insurance."[42] The Court is unconvinced of Skylands' contention that because the "real transaction" between it and Ice Works did not concern insurance, but instead ice sculptures and an ice slide, Skylands has an independent and separate cause of action.

The crux of the issue relates to the agreement between Skylands and Ice Works. They do not have relationship "created by contract [that] can give rise to affirmative duties imposed by law," [43] as suggested by Skylands. Ice Works is not an insurance broker, but an ice sculpting business; and the duties imposed on insurance brokers are thus inapplicable to Ice Works.[44] Any duty owed to Skylands stems from Skylands and Ice Works' agreement, and Skylands fails to explain how Ice Works could have acquired duties otherwise. The proposed negligence crossclaim against Ice Works would be futile.

Skylands further seeks to amend its Third-Party Complaint to add Olsommer as a third-party defendant.[45] Skylands' proposed amendment alleges that Ice Works hired Olsommer as a broker/agent to obtain insurance for Ice Works, Olsommer obtained and procured insurance for Ice Works from Erie, and Olsommer owed a duty to Ice Works "and its intended beneficiaries

---

[41] (D.E. 62-1, Proposed Am. Cross-Cls. & Third-Party Compl., at 12, ¶ 2).

[42] (*Id.*, at 7–8, ¶ 3).

[43] *Saltiel*, 170 N.J. at 311.

[44] (D.E. 1, Compl., at ¶ 3).

[45] (D.E. 62-1, Proposed Am. Cross-Cls. & Third-Party Compl., at 13; 20–24).

including Skylands . . . to provide insurance services and procure insurance for Ice Works."[46] Skylands contends that it "was a foreseeable beneficiary of the insurance and the named additional insured subject to conditions by Olsommer's actions."[47] Skylands asserts that Olsommer breached its duty to Ice Works and Skylands "by failing to provide Skylands a certificate of insurance which provided Skylands with unconditional coverage as an additional insured."[48] Furthermore, Skylands pleads that as a proximate cause of Olsommer's breach, Skylands suffered damages, including the costs to defend itself and potential exposure to liability.[49]

Erie objects to this proposed amendment on two grounds. First, it contends that Skylands' claims against Olsommer—which fail to identify a legal theory—are futile because Olsommer, as the insurance broker for Ice Works, owes no legal duty to Skylands as a foreseeable beneficiary or additional insured.[50] Thus, in the absence of a duty, Erie argues that Olsommer cannot be liable under any legal theory Skylands may articulate.[51]

"An insurance producer acts in a fiduciary capacity in the conduct of his or her insurance business."[52] The fiduciary relationship gives rise to the broker's duty "to exercise good faith and reasonable skill in advising insureds."[53] "[A]n insurance broker or agent owes a duty of care not

---

[46] (*Id.*, at 21, ¶¶ 5–6).

[47] (D.E. 62-3, Mot. to Amend. Letter, at 2).

[48] (D.E. 62-1, Proposed Am. Cross-Cls. & Third-Party Compl., at 24, ¶ 12).

[49] (*Id.*, at 24, ¶ 13).

[50] (D.E. 63, Erie's Opp'n, at 3–4).

[51] (*Id.*).

[52] N.J.A.C. 11:17A-4.10.

[53] *Weinisch v. Sawyer*, 123 N.J. 333, 340 (1991).

8

only to the insured with whom the broker contracts but also to the other foreseeable parties injured by the broker's or agent's negligence."[54] Although Erie contends that Skylands' allegations are "factually unsupported,"[55] the Court is unconvinced. Skylands attaches the at-issue certificate of liability insurance to its proposed amendment, which names Olsommer as the producer and states "Skylands LLC is named as additional insured for general liability when required by a written contract per attached form ULRH."[56] Skylands needs only to plead facial plausibility and construing the facts most favorable to Skylands, the Court finds that Skylands' claims are reasonably plausible. Skylands' proposed amendment is not clearly futile under this objection.

Second, Erie contends that the amendment should be dismissed for lack of Article III standing because Skylands cannot show its claim against Olsommer is presently justiciable or that it has suffered an injury-in-fact.[57] Specifically, Erie explains that no judgment has been entered against Skylands and any damages are "purely speculative."[58] Amendments are futile where a party would lack standing to bring claims that it seeks to assert in the proposed amended complaint.[59] When a challenge to standing is made on the basis of the pleadings, the Court must "accept as true all material allegations of the complaint, and . . . construe the complaint in favor of

---

[54] *Carter Lincoln-Mercury Inc. v. Emar Grp. Inc.*, 135 N.J. 182, 196 (1994).

[55] (D.E. 63, Erie's Opp'n, at 3).

[56] (D.E. 62-4, Decl. of Counsel, Ex. B).

[57] (D.E. 63, Erie's Opp'n, at 4–5).

[58] (*Id.*, at 4).

[59] *See Penn Bus. Credit, LLC v. All Staffing, Inc.*, 597 Fed. Appx. 692, 694 (3d Cir. 2015).

9

the complaining party."[60] "To establish standing, a plaintiff must demonstrate (1) an injury in fact, (2), that the injury is 'fairly traceable' to the actions complained of, and (3) that the injury will likely be redressed by a favorable decision."[61]

Erie specifically focuses on the injury-in-fact requirement, which is an invasion of a legally protected interest which is concrete and particularized, and actual or imminent.[62] "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . ."[63] Skylands contends that it has already sustained damages by defending itself in this litigation.[64] Skylands' proposed amendment alleges that it sought to have Erie provide coverage, and defend and indemnify it on Mr. Price's claims pursuant to Erie's insurance agreement with Ice Works and the certificate of insurance issued by Olsommer; and Erie wrongfully refused to defend or indemnify Skylands.[65] As a result, Skylands claims that its injury in fact is litigation expense and that directly relates to Olsommer's breach of duty owed to Skylands and Ice Works.[66] The duty to defend is at issue here, and without a defense from Erie, Skylands defends itself—its injury. This injury is not uncertain, speculative, or tied to some future event yet to happen, but rather has already been incurred by Skylands. Erie's remaining concerns for standing fail and need not be

---

[60] *Pennell v. City of San Jose*, 485 U.S. 1, 7 (1988) (alteration in original) (internal citations and quotations omitted).

[61] *Penn Bus. Credit, LLC*, 597 Fed. Appx. at 694 (citation omitted).

[62] *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted).

[63] *Lujan*, 504 U.S. at 561.

[64] (D.E. 62-3, Mot. to Amend. Letter, at 3–4).

[65] (D.E. 62-1, Proposed Am. Cross-Cls. & Third-Party Compl., at 23, ¶¶ 9–10).

[66] (D.E. 62-3, Mot. to Amend. Letter, at 3–4).

10

addressed. Skylands' claims against Olsommer are justiciable and thus, not futile.

## V. CONCLUSION

For the reasons stated above, Skylands' motion to amend is hereby **GRANTED in part** and **DENIED in part**.

An appropriate Order follows.

### ORDER

**IT IS** on this Tuesday, May 21, 2019,

1. **ORDERED** that Skylands' motion to amend is **GRANTED in part** and **DENIED in part**; and Skylands shall file an amended pleading consistent with the Court's Opinion within ten (10) days of this Order; and it is further

2. **ORDERED** that responses shall be filed in accordance with Federal Rule of Civil Procedure 15(a)(3).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/21/2019 11:41:24 AM

Original: Clerk of the Court
Hon. Kevin McNulty, U.S.D.J.
cc: All parties
   File